# JACOB SHOLTY

*v.*

# COMMISSIONERS OF HIGHWAYS OF DALE TOWNSHIP.

1. VOID PROCEEDING. A proceeding, declared by competent tribunal void, and set aside, is inoperative and without legal effect as to all other proceedings.

2. OFFICIAL ACTION—*definition of.* An act, void in law, is, in law, no act, and all things relating to the same subject matter may proceed as though no attempt had been made.

3. The right of condemnation of private property for public highways reaffirmed.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

Messrs. ROWELL & HAMILTON, for the appellant.

Messrs. WILLIAMS & BURR, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of Court:

The statute, in regard to laying out highways, contains the following provision:

"After the action of the supervisors upon an appeal from the decision of the commissioners of highways, in laying out, vacating or altering any road, no application shall be entertained by commissioners for the relaying, vacating or alteration of the same road, within one year from the date of the determination of the supervisors thereupon." Gross' Statutes, edition 1869, p. 775.

In the case at bar, the commissioners had made an order opening a road. An appeal was taken to three supervisors,

14—63D ILL.

who made a like order. A writ of *certiorari* was sued out of the circuit court to bring up the record of these proceedings, and, upon a hearing, the court set them aside as illegal. New proceedings were then instituted, which resulted in another order establishing the road, and this bill was filed to enjoin the commissioners from opening it, on the ground that the new application was made to them within one year from the decision of the supervisors upon the last appeal.

This objection is based upon an unreasonable interpretation of the statute. The evident purpose of the legislature was to make the decision of the supervisors final for the period of one year. After that time, a new petition might be presented to open a road which the supervisors had refused to open, or to vacate one which they had established. But for a year their action was conclusive. No appeal ever was allowed from their decision to any other tribunal. But, unquestionably, the legislature did not intend the prohibition of new proceedings to apply to a case in which their decision had been set aside by the circuit court upon a common law writ of *certiorari*. As soon as this was done, the proceedings became a nullity from the beginning. In the language of the court, in the final order in the *certiorari* in the present case, they were to be held for naught.

The decision of the supervisors became as inoperative, for all purposes, as if it had never been made, and left parties interested at liberty to commence anew. It would be an anomaly to permit a judgment, which had been set aside as a nullity for want of jurisdiction, to be used as a bar to the institution of new proceedings.

A question is suggested as to the validity of the road law in authorizing the condemnation of property. We said, in a case decided at the last term, that on this question we could not reconsider the former decisions of this court.

The decree is affirmed.

*Decree affirmed.*