### Thomas J. Grace, Appellee, v. Town of Derinda, Appellant.

### Gen. No. 5,174.

1. CONSTITUTIONAL LAW—*effect of appeal to Appellate Court.* An appeal to the Appellate Court waives the question of the validity of a statute in question.

2. ROADS AND BRIDGES—*when proceedings before supervisors void.* After a proceeding in court by which an appeal to supervisors has been adjudged erroneous, such proceedings before such supervisors become a nullity.

Action commenced before justice of the peace. Appeal from the Circuit Court of Jo Daviess county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1909. Reversed. Opinion filed October 19, 1909.

HODSON & CAMPBELL, for appellant.

SHEEAN & SHEEAN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Thomas J. Grace, a constable, sued the town of Derinda in Jo Daviess county to recover his fees for serving a certain writ of summons and a certain jury venire and certain subpœnas in a highway proceeding. He had a finding and a judgment for $50.55, from which the town prosecutes this appeal.

A petition was presented to the commissioners of highways of the town of Derinda to alter a certain road by vacating a certain portion and by laying out part of the road along a different route. The commissioners of highways refused the prayer of the petition.

John Randecker, one of the petitioners, appealed from said order to three supervisors of the county and said three supervisors upon a hearing reversed the decision of the commissioners and determined to alter the old road to the new location. A jury was thereupon called and a trial was had before the jury to determine the damages to which the owners of the land, over which said altered road was laid out, were entitled, and these fees were incurred in that proceeding before a justice of the peace to ascertain said damages. Thereafter an order was entered altering and laying out the road accordingly.

Section 62 of the statute relating to Roads and Bridges under township organization and relating to such an appeal from the decision of the highway commissioners to three supervisors, is as follows: "Any parties taking an appeal from the award of the decision of the commissioners, or the verdict of the jury, shall file a sufficient bond with the justice of the peace or town clerk before taking such appeal, conditioned for the payment of the cost of such appeal, in case the decision of the commissioners or the verdict of the jury is in all things sustained, or the appeal dismissed; if the award of the highway commissioners, or verdict of the jury, shall not be sustained, the town shall pay the cost of such appeal." By the decision of the three supervisors, the decision of the highway commissioners was not sustained on the appeal, and the above section provided that, in such case, the town shall pay the cost of the appeal. These costs were made upon such appeal, and by the action of the three supervisors in reversing the decision of the highway commissioners the town became liable to pay these costs under this statute. It is suggested by appellant that this statute is not valid in so far as it puts upon a town costs in a proceeding to which it is not a party. If appellant desired to raise the question of the validity or constitutionality of this statute, it should have appealed to the Supreme Court. The

appeal to this court waives the question of the validity of this statute. Haas Electric Co. v. Springfield Amusement Park Co., 236 Ill. 452.

But it was proved that afterwards said commissioners of highways caused that record to be removed to the Circuit Court by a common law writ of *certiorari* and, upon a final hearing, it was there adjudged that said proceedings before the three supervisors were erroneous, and they were by the judgment of the Circuit Court quashed, annulled and set aside and ordered to be henceforth taken for naught. When this judgment was entered, the proceedings upon appeal to the three supervisors thereupon became a nullity from the beginning, and as inoperative for all purposes as if said appeal had never been taken. Sholty v. Comrs. of Highways, 63 Ill. 209. The judgment in *certiorari* was at the February term, 1908, of the Circuit Court, and this suit was instituted September 1, 1908. The effect of the judgment in *certiorari* was to annul the proceedings by which the decision of the highway commissioners had not been sustained. It therefore annulled the proceedings which under the statute had made the town liable for these costs. When this suit was instituted the decision of the highway commissioners was in effect sustained. The annulment of the proceedings before the three supervisors left the town no longer liable for these costs by section 62 of the Road and Bridge Act. The court below held propositions of law apparently in accordance with the views here expressed, and yet entered judgment against the town for these costs. Our attention is not called to any other statute which would make the town liable therefor. It seems to be argued that there is some equitable reason why the town ought to pay these costs. It is alleged in argument that the proceedings were annulled upon *certiorari* by reason of some error or omission by the highway commissioners at the inception of the proceedings. No such conclusion can be drawn from any evidence in this record. The ground upon which the court annulled the proceedings

is not shown. We are unable to find any ground upon which to sustain the judgment. Counsel for each party have discussed the question from whom plaintiff can recover these costs, if not from the town. That question is not before us upon this record. The judgment is therefore reversed.

*Reversed.*